FILED
 2009 Nov-10  AM 10:45
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | | |
|---|---|---|
| JOAO VASCO CASENDE, | ] | |
| | ] | |
| Petitioner, | ] | |
| | ] | |
| vs. | ] | CV-09-KOB-RRA-1398-M |
| | ] | |
| ERIC HOLDER, et al., | ] | |
| | ] | |
| Respondents. | ] | |

## MEMORANDUM OPINION

This is a habeas corpus petition brought pursuant to 28 U.S.C. § 2241. The magistrate judge entered a report and recommendation recommending that the respondents' motion for summary judgment be granted and that the action be dismissed. Petitioner filed objections.

In the recommendation, the magistrate judge concluded that this action is due to be dismissed because it was prematurely filed:

> Casende's 90-day statutory removal period began to run on May 14, 2009, when his removal order was final. Thus, pursuant to INA § 241(a)(1)(B)(iii), the ninety-day period of removal expired on August 12, 2009. *See* 8 U.S.C. § 1231(a)(1)(B)(iii); 8 C.F.R. § 241.4(g). Under *Zadvydas*, Casende's detention in DHS custody is presumptively reasonable for a further six months–in other words, until Monday, February 12, 2010.
> 
> Casende's petition was filed on July 14, 2009, before the statutory 90-day period expired, and before the *Zadvydas* six month presumptively reasonable time even began to run. In *Akinwale*, the Eleventh Circuit Court of Appeals held that the six-month period "must have expired at the time [the petitioner's] petition was filed in order to state a claim under *Zadvydas*." *Akinwale*, 287 F.3d at 1052. Because Casende has not been detained beyond the six-month presumptively reasonable time established in *Zadvydas*, as required in *Akinwale*, this action is premature and it is due to be DISMISSED.

*Magistrate Judge's Report and Recommendation*, Court Document 11, at p. 7.

In his objections, the petitioner argues that his removal to Angola is not reasonably foreseeable because he has been granted asylum, which means that he can never be deported to Angola. He concludes, "[t]herefore, [t]he *Zadvydas* [c]hallenge **must not have to run** because the six-month presumptive period does not count with respect to an alien that [sic] has been granted asylum and cannot be remove[d]." Basically, the petitioner argues that he should not be required to wait until after expiration of the 90-day statutory period before filing a habeas petition challenging his detention. However, Casende has not cited any authority, and the court is unaware of any authority, that exempts a petitioner from the statutory period if he claims he is ineligible to be deported in any event.

The bottom line is that Casende's petition was filed prematurely, prior to the expiration of the 90-day statutory period and even before the start of the *Zadvydas* period. His arguments regarding the validity of his deportation order are not reviewable in this court. As the magistrate judge noted in his recommendation:

> To the extent that Casende argues that the final order of removal is invalid because he has been granted asylum, or that the removal order is otherwise invalid, this is not the proper court to review those claims. The REAL ID Act of 2005 added subsection (a)(5) to 8 U.S.C. § 1252, which provides that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal . . . ." Therefore, Casende's arguments challenging the validity of the removal order itself must be made in the court of appeals. This court lacks jurisdiction to consider such claims.

*Magistrate Judge's Report and Recommendation*, Court Document 11, at p. 3, footnote 2.

Any challenge, therefore, to the validity of his order of deportation can only be reviewed by the court of appeals.

The court has considered the entire file in this action, including the report and recommendation and the Petitioner's objections, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved.

Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of this court. This habeas petition is due to be dismissed. An appropriate order will be entered simultaneously.

Done this 10th day of November 2009.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE